UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                    Case No. 08-CR-20336

v.

                                    Judge Paul D. Borman

GARY EVANS,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

## BACKGROUND

The instant State of Michigan search warrant applied to two Detroit residences: Location No. 1 at 9065 Stout (hereinafter "65") and Location No. 2 at 9025 Stout (hereinafter "25").

The search warrant also stated that Defendant Gary Bernard Evans, identified as the seller of drugs, was to be searched.

The "25" house was the residence of Defendant's mother. There is no evidence that Defendant slept there recently. Defense counsel stated at the suppression hearing: "There is evidence that he slept there years ago." (Hearing, Oct. 22, 2008, Def. Counsel Epstein, p. 3).

Defendant claims standing to suppress as to his mother's house, citing *United States v. Pollard*, 215 F.3d 643, 647 (6th Cir. 2000). Defendant also refers the Court to the First Circuit decision in *United States v. Paradis*, 351 F.3d 21, 27 (1st Cir. 2003).

In fact, Defendant was at his mother's house when the search warrant was executed, and the United States has indicted him for offenses relating to the two rifles seized at his mother's house.  The search of Defendant's house, the "65" house, yielded ammunition, crack cocaine and marijuana.

## THE "25"HOUSE – WAS THERE PROBABLE CAUSE TO SEARCH?

The affidavit states that a reliable and credible confidential informant "pointed out Location 2," the "25" house, "as G's mother's house and stated that G stores his AR15 rifle and a pump shotgun at that location." (Search Warrant Aff., p. 5). Paragraph 9 of the affidavit stated that within the previous forty-eight hours, the CI told the affiant that Defendant is still keeping his guns at his mother's house because his house "was hit by the ATF."

Further, the search warrant affidavit states that at prior times, when Defendant was arrested, he has given "either 9065 or 9025 Stout as his residence."

Defendant argues that the CI never stated that he had been in the "25" house and seen the firearms in that house.

Further, Defendant argues that because the case was ultimately brought in federal court by a joint task force involving federal, state and local police, the search warrant request should have been taken to a federal judicial officer, rather than a state judicial officer. Defendant contends that the application was brought to state court "because it's easier for them to get signed-off by a state court magistrate not a federal magistrate." (Tr., Epstein, at p. 10.)

The Court does not accept this claim; there is no evidence before this Court supporting Defendant's claim that state court magistrates do not uphold the Fourth Amendment. This was a joint task force, and thus the law enforcement officers could appear before federal or state judicial officers to seek a search warrant.

Finally, the Court accepts the stipulated correction to the warrant that Defendant had been arrested only eight times, rather than the eighteen times stated in the affidavit. This change does not alter the Court's decision.

## DISCUSSION

As to the "65" house, the CI stated that he had been in the house and there was "a quantity of cocaine packaged for sale and a 9 millimeter semiautomatic handgun at the premises." Although the CI does not say that he saw it, when the CI stated that he had been to that location in the last forty-eight hours and there was a quantity of cocaine packaged for sale and a 9 millimeter semiautomatic handgun at the premises, that the reasonable and obvious conclusion is that the CI saw it when he was at the house.

3

Defendant also challenges the reliability and credibility of the CI that he had only provided information in small cases, that no file number had been assigned to him as would be the pattern if he had been a federal government informant. The Court rejects this argument. The Court concludes that there was sufficient information set forth in the affidavit to determine that he was a reliable and credible informant.

The government contends that Defendant lacks standing to challenge the search of the "25" house – his mother's house. The Court agrees. Both the Defendant and the government admit that he no longer lives at the "25" house, and has not lived there in ten years. This is not like a situation where a defendant is living on continuing occasions with his girlfriend and has clothing and personal effects at that location. Defendant used the "25" house as a "safe" house or a "stash" house for guns, not as a residence, even part time.

The Court holds that Defendant did not have a reasonable expectation of privacy at that "25" house address. Defendant did not live there or sleep at the "25" house in recent years. Thus, under *Rakas v. Illinois*, 439 U.S. 128 (1978) and *Minnesota v. Carter*, 525 U.S. 83 (1998), whether analyzed under standing or the Fourth Amendment, Defendant did not have an expectation of privacy at that address.

In *United States v. Pollard*, 215 F.3d 643, 647 (6th Cir. 2000), the Sixth Circuit noted that Defendants were not in the house as overnight guests. So too in the instant case; there was no testimony that Defendant stayed at his mother's house as an overnight guest, unlike in *Pollard*, where there was testimony that the Defendant had been staying at the house earlier in the week.

Similarly, Defendant's reliance on the First Circuit decision in *United States v. Paradis*,

4

351 F.3d 21 (1st Cir. 2003) is not supported by the instant facts.

In *Paradis*, the defendant had been living at the house for two months. "The apartment was his home at the time of the search and he was entitled to Fourth Amendment protection of his home." *Id*. at 27. Not so in the instant case.

Thus, the Court denies Defendant's Motion to Suppress as to evidence seized at the "25" house. The Court further holds that, even if Defendant had standing to contest the search of "25" house, there was probable cause to search that house.

As to probable cause, the Supreme Court decision *Illinois v. Gates*, 462 U.S. 213 (1983) controls. That decision tells the district court to look at the totality of the circumstances in determining whether there is probable cause to believe that contraband will be found at the location(s) to be searched.

Here the affidavit states that there was a corroboration of the location of the contraband within forty-eight hours of the swearing out of the warrant. In addition, there is corroboration by the affiant officer with respect to the locations.

Finally, even if the search warrant was not supported by probable cause, there is evidence of sufficient good faith investigation and corroboration by this affiant to apply *United States v. Leon*, 468 U.S. 897 (1984) to uphold the search and seizure at both residences.

In *United States v. Tran*, 433 F.3d 472, 481 (6th Cir. 2006), the Sixth Circuit stated:

> In determining whether there is probable cause to issue a search warrant, the task of the issuing magistrate is to determine whether "there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Shields*, 978 F.2d 943, 946 (6th Cir. 1992).

In the instant case, the affidavit established a "fair probability that evidence of a crime would be found at the "25" house, his mother's house. The affidavit stated that the CI had told him, within the previous forty-eight hours, that Defendant had stated he kept his guns stored there. The affidavit further stated that Defendant had provided to law enforcement the "25" address, as well as the "65" address as his residence when previously arrested. This clearly ties the Defendant to the "25" address.

The Court considers that there is indeed a fair probability, given the totality of the circumstances, that firearms would be found at the "25" address.

Accordingly, the Court holds:

1. Defendant does not have standing to the challenge the search of the "25" residence, his mother's house;

2. Even if he did having standing, there was probable cause in the search warrant affidavit to support the search; and

3. Even if Defendant had standing to contest the "25" residence search, and there was no probable cause to search the "25" residence, the officers were justified under *United States v. Leon*, 468 U.S. 897 (1984) to search the residence and seize the guns.

Defendant's Motion to Suppress the evidence seized at the "25" house is **DENIED**.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 29, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 29, 2008.

S/Denise Goodine
Case Manager